# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## COLUMBIA DIVISION

| | | |
|---|---|---|
| ROGER FARLEY and wife, | ) | |
| CAROLYN FARLEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:10-00096 |
| | ) | JUDGE CAMPBELL/KNOWLES |
| | ) | |
| | ) | |
| STATE FARM FIRE & CASUALTY | ) | |
| CO. and JOSEPH ROOKER, AGENT | ) | |
| for STATE FARM INSURANCE, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendants' "Motion to Dismiss and For Payment

of Fees." Docket No. 3. Defendants have submitted a Memorandum of Law with several

Exhibits. Docket No. 4. Plaintiffs, who are acting pro se, have not filed a Response to the

Motion.

The instant case is the second incarnation of this action in this Court, which involves a

claim that Defendant State Farm breached a contract with Plaintiffs by failing to pay for damage

to Plaintiffs' home and personal property which were allegedly covered by an insurance policy

issued by Defendant. The first lawsuit was filed by Plaintiffs against only Defendant State Farm

Fire & Casualty Co., in the Chancery Court for Hickman County, Tennessee, on June 25, 2009.

Case No. 1:09-00046, Docket No. 1-1. Defendant State Farm removed that action to this Court

on August 10, 2009, on the basis of diversity of citizenship. Case No. 1:09-00046, Docket Entry

No. 1.

On October 8, 2009, the parties to the prior action filed a "Joint Motion Pursuant to Rule 41(A) of the Federal Rules of Civil Procedure." Case No. 1:09-00046, Docket No. 8. With the Motion, the parties filed a proposed Agreed Order that was later entered by Judge Trauger, the body of which states as follows:

> Upon motion by counsel for all parties, and for good cause shown, the matter shall be voluntarily dismissed without prejudice pursuant to Rule 41(a) and pursuant to agreement that if the Plaintiff reinstitutes a civil action in this matter against the Defendant (or any of its successors or assigns) that the Plaintiff shall be ordered to pay all of the Defendants' reasonable costs and attorneys' fees incurred up to the point of this voluntary dismissal.

Case No. 1:09-00046, Docket No. 8-1.

Plaintiffs were represented by counsel in the prior action.

Almost a year later, on October 6, 2010, Plaintiffs filed a second Complaint in the Chancery Court for Hickman County against Defendant State Farm and against "Joseph Rooker, Agent for State Farm Insurance." That action was virtually identical to the previous action, except for naming Defendant Rooker as an Agent for State Farm and except for the fact that it was filed pro se. Docket No. 1-1. That action was removed by State Farm on October 25, 2010, and became the instant case in this Court. Docket No. 1.

In its Notice of Removal, State Farm argued that, even though the Complaint fails to allege the citizenship of Joseph Rooker, removal based upon diversity was proper under the doctrine of fraudulent joinder, because Defendant Rooker was an Agent for a disclosed principal and not amenable to suit for breach of contract.

Defendants thereafter filed the instant Motion to Dismiss and for Payment of Fees. That

same day, Judge Campbell entered an Order finding that removal was appropriate. Docket No. 5. The instant Motion seeks to dismiss Plaintiffs' claim against Defendant Joseph Rooker, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state upon which relief can be granted. Defendants correctly argue that Defendant Rooker cannot be liable for the alleged breach of contract, which is the only claim Plaintiffs have asserted against him, because Defendant is not a party to the contract.

With regard to the Motion for Payment of Fees, Plaintiffs plainly agreed to the language of Judge Trauger's Order set forth above. Plaintiffs have offered no explanation as to why the Court should not enforce their agreement.

For the foregoing reasons, the undersigned recommends that Plaintiffs' claims against Defendant Joseph Rooker be DISMISSED. The undersigned further recommends that Plaintiffs be ordered to pay all of Defendants' reasonable costs and attorneys' fees incurred up to the point of the voluntary dismissal of Case No. 1:09-00046 on October 9, 2009. Within twenty-one (21) days of the submission of this Report and Recommendation, Defendants' counsel shall submit an appropriate Affidavit establishing those reasonable costs and attorneys' fees.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985),

*reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.


E. Clifton Knowles
United States Magistrate Judge