UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

ROGER FARLEY and wife CAROLYN )
FARLEY, )
 )
      Plaintiffs, )
 )
v. )    No. 1:10-0096
 )    Judge Sharp
STATE FARM & CASUALTY CO., )
 )
      Defendant. )

### ORDER

This litigation revolving around a fire loss at Plaintiffs' residence on February 9, 2009, has a somewhat tortured procedural history, which was aptly summarized by Judge Knowles in a Report and Recommendation ("R & R") as follows:

> The instant case is the second incarnation of this action in this Court, which involves a claim that Defendant State Farm breached a contract with Plaintiffs by failing to pay for damage to Plaintiffs' home and personal property which were allegedly covered by an insurance policy issued by Defendant. The first lawsuit was filed by Plaintiffs against only Defendant State Farm Fire & Casualty Co., in the Chancery Court for Hickman County, Tennessee, on June 25, 2009. Case No. 1:09-00046, Docket No. 1-1. Defendant State Farm removed that action to this Court on August 10, 2009, on the basis of diversity of citizenship. Case No. 1:09-00046, Docket Entry No. 1.
>
> On October 8, 2009, the parties to the prior action filed a "Joint Motion Pursuant to Rule 41(A) of the Federal Rules of Civil Procedure." Case No. 1:09-00046, Docket No. 8. With the Motion, the parties filed a proposed Agreed Order that was later entered by Judge Trauger, the body of which states as follows:
>
>> Upon motion by counsel for all parties, and for good cause shown, the matter shall be voluntarily dismissed without prejudice pursuant to Rule 41(a) and pursuant to agreement that if the Plaintiff reinstitutes a civil action in this matter against the Defendant (or any of its successors or assigns) that the Plaintiff shall be ordered to pay all of

1

> the Defendants' reasonable costs and attorneys' fees incurred up to the
> point of this voluntary dismissal.
>
> Case No. 1:09-00046, Docket No. 8-1.
>
> Plaintiffs were represented by counsel in the prior action. Almost a year later, on October 6, 2010, Plaintiffs filed a second Complaint in the Chancery Court for Hickman County against Defendant State Farm and against "Joseph Rooker, Agent for State Farm Insurance." That action was virtually identical to the previous action, except for naming Defendant Rooker as an Agent for State Farm and except for the fact that it was filed pro se. Docket No. 1-1. That action was removed by State Farm on October 25, 2010, and became the instant case in this Court. Docket No. 1.

(Docket No. 10).

After the second case was removed to this Court, Defendants filed a "Motion to Dismiss and For Payment of Fees." By way of that Motion, Defendants sought (1) dismissal of the claims against Rooker for failure to state a claim under Rule 12(b)(6); and (2) fees in accordance with the Agreed Ordered entered by Judge Trauger. In the R & R referenced above, Magistrate Judge Knowles recommended that the claims against Rooker be dismissed, and that Plaintiffs be ordered to pay all of Defendants' reasonable costs and attorneys' fees incurred up to the point of the voluntary dismissal of the first case on October 9, 2009. With no objection by Plaintiffs, the R & R was accepted and approved by Chief Judge Campbell, the claim against Rooker was dismissed, and Plaintiffs were ordered to pay Rooker's attorney's fees in the amount of $4,106.50 and costs in the amount of $350.00. (Docket No. 19).

Judge Campbell's Order was entered on April 29, 2011. On June 1, 2011, Defendant State Farm filed a "Motion to Dismiss and/or for Involuntary Dismissal" (Docket No. 25) seeking dismissal because Plaintiffs had failed to pay the assessed attorney's fees and costs. That same day, counsel entered an appearance for Plaintiffs. The following day, Plaintiffs' counsel filed a response to State Farm's Motion, indicating that a check in the amount of $4,106.50 had been tendered to defense

counsel to satisfy the attorney's fees, and that a check in the amount of $350.00 was forwarded to the Clerk to cover the costs of the first action. (Docket No. 31 at 1).

State Farm's motion is based upon Rule 41(b) of the Federal Rules of Civil Procedure which provides:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). "'This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties.'" Shafer v. City of Defiance Police Dept., 529 F.3d 731, 736 (6th Cir. 2008) (citation omitted). "A district court therefore 'must be given substantial discretion in serving these tasks.'" Id. However, dismissal under Rule 41(b) is ordinarily appropriate only "if a party has engaged in contumacious conduct or has actual 'notice that dismissal is contemplated.'" Erby v. Kula, 113 Fed. Appx. 74, 75 (6th Cir. 2004) (citation omitted).

In this case, the Court finds that dismissal would be too draconian a sanction for Plaintiffs' failure to pay fees and costs *immediately* after being ordered to do so by Judge Campbell, particularly since no time limit for payment was provided in the Order. Plaintiffs have not exhibited contumacious conduct which would warrant dismissal, and this Court's ruling is in keeping with Rule 41(d) which indicates that, where a plaintiff has been ordered to pay all or part of the costs of a voluntarily dismissed action, the Court "may stay the [new] proceedings until the plaintiff has complied." Fed. R. Civ. P. 42(d).

3

Accordingly, "Defendant State Farm Fire and Casualty Company's Motion to Dismiss and/or for Involuntary Dismissal" (Docket No. 25) is hereby DENIED.

This case is hereby returned to the Magistrate Judge for (1) a ruling on Plaintiff's Motion to Amend Complaint (Docket Entry No. 28), to which Defendant shall respond within 14 days of entry of this Order, (2) the immediate setting of a trial date, and (3) further case management proceedings consistent with Local Rule 16.01. The Magistrate Judge is directed to coordinate the setting of a trial date with Judge Sharp's Courtroom Deputy.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE