IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ROGER FARLEY and wife, CAROLYN FARLEY, ) ) ) | |
| Plaintiffs, ) ) ) | |
| vs. ) ) | CASE NO. 1:10-0096 JUDGE SHARP/KNOWLES |
| ) ) ) | |
| STATE FARM FIRE & CASUALTY CO., ) ) ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court upon Plaintiffs' "Motion to Amend Complaint." Docket No. 28. Plaintiffs have filed a supporting Memorandum of Law (Docket No. 29), Defendant has filed a Response in Opposition to the Motion (Docket No. 40), and Plaintiffs have filed a Reply (Docket No. 43). Judge Sharp has referred the instant Motion to the undersigned for "a ruling." Docket No. 39, p. 4.

In the instant Motion, Plaintiffs seek to raise four claims against a previously-dismissed Defendant, Joseph Rooker, and additional claims against State Farm. One of those claims, a claim for breach of contract against Defendant Rooker, was previously dismissed by Judge Campbell. Docket No. 19.

As the undersigned has previously observed, the instant case is the second incarnation of this action in this Court, which involves a claim that Defendant State Farm breached a contract with Plaintiffs by failing to pay for damage to Plaintiffs' home and personal property that were

allegedly covered by an insurance policy issued by Defendant. The first lawsuit was filed by Plaintiffs against only Defendant State Farm Fire & Casualty Co., in the Chancery Court for Hickman County, Tennessee, on June 25, 2009. Defendant State Farm removed that action to this Court on August 10, 2009, on the basis of diversity of citizenship, and that case became Case No. 1:09-0046 on the docket of this Court. On October 8, 2009, the parties to that action filed a Joint Motion seeking a voluntary dismissal of Plaintiffs' claims, which Motion was granted by Judge Trauger. Plaintiffs were represented by counsel in the prior action.

Almost a year later, on October 6, 2010, Plaintiffs filed a second Complaint in the Chancery Court for Hickman County against Defendant State Farm and against "Joseph Rooker, Agent for State Farm Insurance." That action was virtually identical to the previous action, except that Joseph Rooker was named as an Agent for State Farm and as a Defendant, and except that it was filed pro se. That action was removed by State Farm on October 25, 2010, and it became the instant case in this Court.

The sole cause of action raised in the Complaint filed in the instant action was one for breach of contract against both Defendants. Plaintiffs stated, "The Defendant company has breached its contractual obligations to the Plaintiffs by failing to pay in full and in a timely manner all covered losses as to the home and for covered losses for personal property as specified by the policy in question." Docket No. 1-1, p. 6. The only factual allegation with regard to Defendant Rooker was, "Upon information and belief, the Defendant Joseph Rooker is an Agent for State Farm Insurance." *Id*., p. 5. The Complaint, however, specifically averred, "The Defendant<u>s</u> are liable to the Plaintiffs for breach of contract." *Id*., p. 6 (emphasis added).

After Defendants filed their Notice of Removal, Judge Campbell entered an Order

2

finding that removal was appropriate. Docket No. 5. In that Order, Judge Campbell stated in part:

> The complaint fails to allege the residence of defendant Joseph Rooker. However, the defendants assert that "removal based upon diversity of citizenship is proper in the present case under the doctrine of fraudulent joinder as Defendant Rooker is an agent for a disclosed principal and not amendable [*sic*] to suit for breach of contract . . . ."

Docket No. 5, p. 1 n.1.

Defendants filed a Motion to Dismiss Plaintiffs' claims against Defendant Rooker, which was subsequently granted by Judge Campbell. Docket No. 19. Approximately one month after Judge Campbell entered the Order dismissing Plaintiffs' claims against Mr. Rooker, Plaintiffs filed the instant Motion to Amend.[1]

Plaintiffs have submitted a Proposed Amended Complaint with the instant Motion. Docket No. 28-1. The Proposed Amended Complaint raises claims against Defendant Rooker for breach of contract, negligence, negligent misrepresentation, and breach of fiduciary duty. The Proposed Amended Complaint also raises claims against Defendant State Farm for breach of contract, negligence, and respondeat superior. Plaintiffs rely upon the liberal amendment provision of Fed. R. Civ. P. 15(a)(2). Plaintiffs state, "The plaintiffs have just recently learned of the defects in their initial pleading in the Court's Order granting Defendant Joseph Rooker's Motion to Dismiss and have now retained counsel to assist them with a more artfully pled complaint." Docket No. 29, p. 2.

In its Response, State Farm raises two main arguments: (1) some or all of the claims

---

[1] Following Judge Campbell's dismissal of their claims against Defendant Rooker, Plaintiffs secured counsel, and have since been represented by counsel.

3

asserted in the Proposed Amended Complaint are barred by the statute of limitations; and (2) some or all of the complaints in the Proposed Amended Complaint are futile.[2] Specifically, Defendant argues that a negligence action for injury to a person must be brought within one year of the damage-causing incident, citing T.C.A. § 28-3-104. Defendant further asserts that claims for breach of fiduciary duty and claims for negligent misrepresentation are governed by three year statutes of limitations, citing T.C.A. § 28-3-105. Defendant also argues that Plaintiffs' proposed claims against Defendant Rooker for breach of fiduciary duty and negligent misrepresentation are futile, and that Plaintiffs' proposed claims against Defendant State Farm would also be futile. Finally, Defendant argues that it would suffer undue prejudice if the Court allows Plaintiffs to sue Defendant Rooker, when the causes of action previously asserted against him have been dismissed.

In their Reply, Plaintiffs contend that their negligence claim is governed by a three statute of limitations as set forth in T.C.A. § 28-3-105. Plaintiffs apparently agree that the statutes of limitations for breach of fiduciary duty and for negligent misrepresentation is three years.[3]

While Defendant discusses the statutes of limitation for negligent misrepresentation and breach of fiduciary duty, it appears that the only statute of limitations Defendant contends has actually expired is the statute of limitations for negligence. That issue comes down to the

---

[2] The Court may deny a Motion to Amend if the claims sought to be brought would be futile. *Foman v. Davis*, 378 U.S. 171 (1962).

[3] Neither party discusses the statute of limitations applicable to breach of contract, and the Court presumes that Defendant does not contend that the breach of contract claim is barred by the statute of limitations.

4

question of whether the statute of limitations for negligence in this case is one year or three years.

The Court need not decide that issue in the context of the instant Motion to Amend. Plaintiffs and Defendants apparently agree that the statutes of limitation for negligent misrepresentation, breach of fiduciary duty, and breach of contract, have not expired. Thus, assuming that the proposed amendment is not futile, the case will proceed on at least those claims. Any issue concerning the statute of limitations for negligence can be fully briefed at the appropriate time.

With regard to futility, the Court must review the factual allegations of the Proposed Amended Complaint in some detail, and will do so below.

Plaintiffs' Proposed Amended Complaint contains approximately two pages of "general allegations." Plaintiffs claim that they spoke with their usual homeowners insurance provider in February 2005 about obtaining coverage for their home, located at 4621 Coble to Only Road, Munnelly, Hickman County, Tennessee 37137. Docket No. 28-1, p. 1. Their insurance agent advised them that their insurer could not insure that property because of its location and "suggested that they contact a local State Farm Insurance representative." *Id*., p. 2.

On or about February 16, 2005, Plaintiffs called "State Farm Insurance Joseph Rooker to discuss obtaining homeowners insurance on their home. . . ." During that phone call Plaintiff Carolyn Farley discussed their needs for homeowners insurance with Defendant Rooker. She told him that they were unable to obtain coverage through their usual insurer. Mr. Rooker said that he would view their property, "plug in the numbers," and get back to her. Several days after the initial telephone conversation, Defendant Rooker contacted Plaintiffs and furnished a quote

5

for the premium on the property. According to the Amended Complaint, "The Farleys relying upon the representations of Mr. Rooker, agreed to purchase the policy and provided him with a check for their first premium payment." *Id.*

Plaintiffs then aver, however, that the insurance application was completed by Mr. Rooker alone and was not filled out by them.[4] Further, Defendant Rooker did not meet with Plaintiffs, nor did he ever ask them for any information to assist him in completing the insurance application. Specifically, he "declined" to ask the Farleys to supply any information regarding any previous insurance claims or property fires they had sustained. Instead, "he supplied the answers himself to all of the application questions." He did not ask Plaintiffs to read their "applications [*sic*] themselves" or to "proofread the answers taken down by Defendant Rooker, nor did he ask them to sign "their applications [*sic*]."[5] *Id.* Defendant Rooker did not explain to the Plaintiffs State Farm's purpose behind the application questions, the effect of an incomplete or incorrect answer, or what would cause State Farm to possibly declare the policy void. *Id.*, p. 3.

State Farm issued the insurance policy to Plaintiffs effective March 11, 2005. On or about February 24, 2009, Plaintiffs' home was destroyed in a fire. Plaintiffs made a claim to State Farm for the insurance coverage. On or about February 27, 2009, State Farm indicated in writing to Plaintiffs that it was prepared to provide certain insurance coverage for their loss. On

---

[4] Plaintiffs do not explain when the insurance application was completed, whether Defendant Rooker ever said anything at all to them about the application, or whether they even knew an application was necessary or had been submitted.

[5] At some point, Plaintiffs refer to a single insurance "application," while at other points they refer to "applications."

6

or about March 18, 2009, State Farm sent another letter to Plaintiffs "to inform them that it now declined to issue any payment under the homeowners insurance policy, though it was not yet ready to deny coverage." Specifically, "The letter cited concerns about a misrepresentation the Farleys may have made on the policy application as the reason for refusing to pay under the policy." *Id.*, p. 3.

On or about June 11, 2009, Defendant State Farm sent a letter to Plaintiffs "denying coverage on the grounds that the Farleys had indicated in their application for insurance that they had not experienced any losses in the three years prior to the application, though they had, sustained two previous fire losses." *Id.,* p. 3-4.

In a section of the Proposed Amended Complaint headed "Causes of Action," Plaintiffs allege that Defendant Rooker "entered into a contract to provide insurance brokerage services to Roger and Carolyn Farley." They further aver, "He promised to procure an enforceable homeowners policy on their behalf." They aver that Defendant Rooker "breached their contract when he incorrectly and improperly filled out the Farleys' application for a homeowners insurance policy with State Farm." *Id*., p. 4.

Plaintiffs further aver in their negligence count that Defendant Rooker had a duty to exercise reasonable care "while providing insurance brokerage services" to Plaintiff, and that he breached that duty when he incorrectly and improperly completed the application. *Id.*

In their negligent misrepresentation count, Plaintiffs state that Defendant Rooker "had a duty to exercise reasonable care with respect to his representations while providing "insurance brokerage services" to Plaintiffs, and that he breached that duty "when he indicated to the Farleys that their application process had resulted in an enforceable homeowners insurance

7

policy." *Id.*, p. 7.

In their breach of fiduciary duty count, Plaintiffs state:

> The defendant Joseph Rooker owed Roger and Carolyn Farley a fiduciary duty because he provided advice and other services for insurance matters based upon his superior knowledge, skill, and expertise. He was under a fiduciary duty to represent the interest of Mr. and Mrs. Farley consistent with his fiduciary duty of honesty, candor, and fair dealing. Mr. and Mrs. Farley reasonably trusted and relied on him to apply for and procure an enforceable homeowners insurance policy on their home.

*Id.*, p. 8.

As discussed above, Plaintiffs' Proposed Amended Complaint raises claims against State Farm for breach of contract, negligence, and respondeat superior. The factual allegations with regard to State Farm itself are extremely sparse. In the "respondeat superior" count of Plaintiffs' Proposed Amended Complaint, Plaintiffs state as follows:

> 74. The defendant Joseph Rooker was the agent of State Farm Fire & Casualty Company with respect to the application of homeowners insurance with State Farm made by him on behalf of Roger and Carolyn Farley. Consequently, State Farm is charged with the knowledge of Defendant Joseph Rooker.
>
> 75. In addition, defendant State Farm is chargeable with the acts and omissions of its agent, Joseph Rooker, and is liable for his acts and omissions on the theory of respondeat superior.

Docket No. 28-1, p. 12.

In their breach of contract count against State Farm, Plaintiffs aver that Defendant State Farm had a contract to provide homeowners insurance to Plaintiffs, which it breached by accepting premiums from them when it knew or should have known Plaintiffs' "insurance claim history and their previous losses as a result of property fires." Plaintiffs aver that Defendant State Farm knew or should have known that their own "failure to provide a full disclosure of

8

information regarding their insurance claim history and any losses resulting from previous property fires could cause State Farm to claim that the policy was void and refuse to pay them in the event of property damage or loss." Plaintiffs further aver that State Farm failed to properly investigate the information recorded in the insureds' application, even though it was reasonably ascertainable. *Id*., p. 10.

> In their negligence count against State Farm, Plaintiffs aver:
>
> 67. Defendant State Farm had a duty to exercise reasonable care in processing Roger and Carolyn Farley's application for homeowners insurance.
>
> 68. Defendant State Farm breached its duty of reasonable care by failing to properly investigate the information recorded in the insureds' application. The information regarding the Farleys' history and their previous losses as a result of property fires was reasonably ascertainable by the defendant State Farm prior to approving and issuing a homeowners insurance policy to Mr. and Mrs. Farley. Though it could have obtained this information and consulted with the Farleys about it for an accurate and thorough disclosure prior to issuing the policy, the defendant State Farm waited until after the Farleys had made a claim under their homeowners insurance policy to discern this information.
>
> 69. The defendant State Farm has denied Mr. and Mrs. Farley's claim under the homeowners policy on the grounds that they failed to disclose that they had sustained two previous fire losses.
>
> 70. As a direct and proximate result of the negligence of defendant State Farm, the plaintiffs have not been able to recover the benefit of their homeowners insurance policy after their home and primary residence burned down.

Plaintiffs' claims against Defendant Rooker all rest upon the proposition that he entered into a contract to provide insurance brokerage services to Plaintiffs and that, "He promised to procure an enforceable homeowners policy on their behalf." The Court considers these allegations to be allegations of fact. This being the case, the Court must take those allegations as

9

true.  Assuming there was such a contract and promise, Defendant Rooker could be liable for breach of contract, negligence, negligent misrepresentation, and/or breach of fiduciary duty.[6]

Because Plaintiffs have stated a claim for relief against Defendant Rooker, they have also stated a claim against State Farm under the doctrine of respondeat superior.  Additionally, Plaintiffs have stated a plausible claim for breach of contract against State Farm.

Finally, with regard to Defendant's claim of undue prejudice, Plaintiffs point out that the instant Motion to Amend is timely filed under the previously-entered Scheduling Order (Docket No. 12).  Additionally, the Court notes that Fed. R. Civ. P. 54(b) provides in relevant part:

> (b) Judgment on Multiple Claims or Involving Multiple Parties.
> When an action presents more than one claim for relief – whether as a claim, counter-claim, cross claim, or third-party claim – or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

In his prior Order dismissing plaintiffs' previous claims Defendant Rooker, Judge Campbell did not direct the entry of a final judgment as to Defendant Rooker.  Docket No. 19. Thus, the dismissal of Defendant Rooker may be revised under Rule 54(b).  This is especially true where Plaintiffs seek to assert new claims and new causes of action against Defendant Rooker.

---

[6] While Defendant argues, "In this case, no contract existed between Rooker and Plaintiffs," (Docket No. 40, p. 6) the Court must accept Plaintiffs' allegation as true for purposes of the instant Motion.

10

For the foregoing reasons, Plaintiffs' Motion to Amend Complaint (Docket No. 28) is GRANTED.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge