IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ROGER FARLEY and <br> CAROLYN FARLEY <br><br> Plaintiffs <br><br> V. <br><br> JOSEPH ROOKER and <br> STATE FARM FIRE & CASUALTY CO. <br><br> Defendants | Case No. 1-10-0096 <br> Judge Sharp |

## AMENDED COMPLAINT

The plaintiffs, by and through counsel, for their amended complaint state the following:

### THE PARTIES

1. The plaintiffs, Roger and Carolyn Farley, are citizens and residents of Hickman County, Tennessee, 1370 Highway 100, Centerville, Tennessee, 37033.

2. The defendant, State Farm Fire and Casualty Co., is a corporation, duly authorized to do business in Tennessee, with its agent for service of process being the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, 5th Floor, Nashville, Davidson County, Tennessee, 37243.

3. The defendant, Joseph Rooker, is an individual whose business address is 23 N Park Street, Hohenwald, Tennessee, 38462-1421, where he may be served.

### GENERAL ALLEGATIONS

4. In February 2005, Roger and Carolyn Farley spoke to their usual homeowners insurance provider about obtaining coverage for their home, located at 4621 Coble to Only Road, Nunnelly, Hickman County, Tennessee, 37137. Their insurance agent advised them that their

insurer could not insure this particular property because of its location and suggested that they contact a local State Farm Insurance representative.

5. On or about February 16, 2005, Roger and Carolyn Farley called State Farm insurance agent Joseph Rooker to discuss obtaining homeowners insurance on their home, located at 4621 Coble to Only Road, Nunnelly, Hickman County, Tennessee, 37137.

6. During that phone call, Carolyn Farley discussed their needs for homeowners insurance with State Farm Fire and Casualty Company (hereinafter "State Farm") agent Joseph Rooker. Mrs. Farley advised that they were unable to obtain coverage through their usual insurer. Mr. Rooker said that he would view the property, "plug in the numbers," and get back to her.

7. A few days after their initial telephone conversation, Mr. Rooker contacted Mr. and Mrs. Farley and furnished a quote for the premium on the property. The Farleys, relying upon the representations of Mr. Rooker, agreed to purchase the policy and provided him with a check for their first premium payment.

8. The application for homeowners insurance was completed by Mr. Rooker alone and was not filled out by the Farleys. Mr. Rooker did not meet with Mr. and Mrs. Farley, nor did he ever ask them for any information to assist him in completing their application for insurance. Notably, he declined to ask the Farleys to supply any information regarding any previous insurance claims or property fires they had sustained. Rather, he supplied the answers himself to all of the application questions.

9. Mr. Rooker did not ask Mr. and Mrs. Farley to read their applications themselves or proofread the answers taken down by Mr.Rooker, nor did he ask them to sign their applications.

10. Mr. Rooker did not explain to Mr. and Mrs. Farley State Farm's purpose behind the application questions, the effect of an incorrect or incomplete answer, or what would cause State Farm to possibly declare the policy void.

11. State Farm issued homeowners insurance policy number 42-J2-9706-2, effective March 11, 2005. The policy was renewed yearly upon the Farleys' payment of the annual premium. A copy of the relevant policy is attached as Exhibit A to this Complaint.

12. On or about February 24, 2009, the Farleys' home located at 4621 Coble to Only Road, Nunnelly, Hickman County, Tennessee, 37137, was destroyed in a fire.

13. After the fire, the Farleys made a claim to State Farm for the coverage due to them as a result of their loss.

14. On or about February 27, 2009, defendant State Farm indicated in writing to Mr. and Mrs. Farley that it was prepared to provide the insurance coverage for their loss: up to $971,930 for the dwelling structure(s), $728,948 for the home's contents, and the actual additional cost of living expenses for up to twenty-four (24) months as a result of the displacement from their home.

15. On or about March 18, 2009, defendant State Farm sent another letter to the Farleys to inform them that it now declined to issue any payment under the homeowners insurance policy, though it was not yet ready to deny coverage. The letter cited concerns about a misrepresentation the Farleys may have made on the policy application as the reason for refusing to pay under the policy.

16. Defendant State Farm sent a letter to Mr. and Mrs. Farley on or about June 11, 2009 denying coverage on the grounds that the Farleys had indicated in their application for insurance

that they had not experienced any losses in the three years prior to the application, though they had, in fact, sustained two previous fire losses.

## CAUSES OF ACTION

## COUNT I: BREACH OF CONTRACT

17. The plaintiffs hereby incorporate all of the above allegations as if they were realleged herein.

18. Defendant Joseph Rooker entered into a contract to provide insurance brokerage services to Roger and Carolyn Farley. He promised to procure an enforceable homeowners policy on their behalf.

19. Defendant Joseph Rooker breached their contract when he incorrectly and improperly filled out the Farleys' application for a homeowners insurance policy with State Farm.

20. Defendant Joseph Rooker made no effort to determine the Farleys' insurance claim history and any previous losses as a result of property fires.

21. Defendant Joseph Rooker knew or should have known and advised Mr. and Mrs. Farley that failing to provide a full disclosure of information regarding their insurance claim history and any losses resulting from previous property fires could cause State Farm to claim that the policy was void and refuse to pay them in the event of property damage or loss. He also knew or should have known that the insureds were relying on him to advise them of what information they needed to provide in order to avoid having the policy voided.

22. Defendant Joseph Rooker breached his contract by failing to ask Mr. and Mrs. Farley to provide the necessary information for the insurer, failing to explain the importance of full disclosure and accurate, thorough answers, and by failing to request that the insureds review their application. Had he done so, they would have had the opportunity to correctly and fully disclose

the information requested regarding their insurance claim history and previous losses resulting from property fires.

23. The defendant State Farm has denied Mr. and Mrs. Farley's claim under the homeowners policy on the grounds that they failed to disclose that they had sustained two previous fire losses. Because they never were asked to review or sign the policy application by Mr. Rooker, they have not failed to disclose anything.

24. As a direct and proximate result of the breach of contract of defendant, Joseph Rooker, the plaintiffs have not been able to recover the benefit of their homeowners insurance policy after their home and primary residence burned down.

25. Had the defendant Joseph Rooker not breached his contract to procure a homeowners policy, the Farleys would have been issued an enforceable homeowners insurance policy.

26. The defendant Joseph Rooker is liable to Mr. and Mrs. Farley for all amounts due under the policy of insurance.

**COUNT II: NEGLIGENCE**

27. The plaintiffs hereby incorporate all of the above allegations as if they were realleged herein.

28. Defendant Joseph Rooker had a duty to exercise reasonable care while providing insurance brokerage services to Roger and Carolyn Farley.

29. Defendant Joseph Rooker breached his duty of reasonable care when he incorrectly and improperly completed the Farleys' application for a homeowners insurance policy with State Farm.

30. Defendant Joseph Rooker made no effort to determine the Farleys' insurance claim history and any previous losses as a result of property fires.

31. Defendant Joseph Rooker knew or should have known and advised Mr. and Mrs. Farley that failing to provide a full disclosure of information regarding their insurance claim history and any losses resulting from previous property fires could cause State Farm to claim that the policy was void and refuse to pay them in the event of property damage or loss.

32. Defendant Joseph Rooker negligently failed to ask Mr. and Mrs. Farley to provide the necessary information for the insurer, failed to explain the importance of full disclosure and accurate, thorough answers, and failed to request that the insureds review their application. Had he done so, they would have had the opportunity to correctly and fully disclose the information requested regarding their insurance claim history and previous losses resulting from property fires. Instead, Mr. Rooker negligently represented incorrect information on the application for insurance without actually asking the Farleys the questions on the application.

33. The defendant State Farm has denied Mr. and Mrs. Farley's claim under the homeowners policy on the grounds that they failed to disclose that they had sustained two previous fire losses. Defendant Joseph Rooker negligently failed to inform the insureds of the need to provide this information on their insurance application.

34. As a direct and proximate result of the negligence of defendant, Joseph Rooker, the plaintiffs have not been able to recover the benefit of their homeowners insurance policy after their home and primary residence burned down.

35. Had the defendant Joseph Rooker exercised reasonable care in processing the Farleys' application for homeowners insurance with State Farm, they would have been issued an enforceable homeowners insurance policy.

36. The defendant Joseph Rooker is liable to Mr. and Mrs. Farley for all amounts due under the policy of insurance.

## COUNT III: NEGLIGENT MISREPRESENTATION

37. The plaintiffs hereby incorporate all of the above allegations as if they were realleged herein.

38. Defendant Jospeph Rooker had a duty to exercise reasonable care with respect to his representations while providing insurance brokerage services to Roger and Carolyn Farley.

39. Defendant Joseph Rooker breached his duty of reasonable care when he indicated to the Farleys that their application process had resulted in an enforceable homeowners insurance policy.

40. Defendant Joseph Rooker made no effort to determine the Farleys' insurance claim history and their previous losses as a result of property fires, yet made misrepresentations on the application about such history without ever asking them to review the application or to sign it.

41. Defendant Joseph Rooker knew or should have known and advised Mr. and Mrs. Farley that failing to provide a full disclosure of information regarding their insurance claim history and any losses resulting from previous property fires could cause State Farm to claim that the policy was void and refuse to pay them in the event of property damage or loss.

42. Defendant Joseph Rooker negligently failed to ask Mr. and Mrs. Farley to provide the necessary information for the insurer, failed to explain the importance of full disclosure and accurate, thorough answers, and failed to request that the insureds review their application. Had he done so, they would have had the opportunity to correctly and fully disclose the information requested regarding their insurance claim history and previous losses resulting from property fires.

43. Mr. and Mrs. Farley reasonably relied on defendant Joseph Rooker's statements about the validity and enforceability of their homeowners insurance policies.

44. As a direct and proximate cause of Joseph Rooker's negligent misrepresentations, Mr. and Mrs. Farley did not review their homeowners insurance applications to check for thoroughness or accuracy and did not seek any additional homeowners insurance coverage.

45. The defendant State Farm has denied Mr. and Mrs. Farley's claim under the homeowners policy on the grounds that they failed to disclose that they had sustained two previous fire losses.

46. As a direct and proximate result of the negligent misrepresentations of defendant, Joseph Rooker, the plaintiffs have not been able to recover the benefit of their homeowners insurance policy after their home and primary residence burned down.

47. Had the defendant Joseph Rooker exercised reasonable care in making representations about the validity of the Farleys' homeowners insurance policy, Mr. and Mrs. Farley would have made accurate and thorough disclosures on their application or attempted to seek homeowners insurance elsewhere, thereby obtaining an enforceable homeowners insurance policy.

48. The defendant Joseph Rooker is liable to Mr. and Mrs. Farley for all amounts due under the policy of insurance.

## COUNT IV:  BREACH OF FIDUCIARY DUTY

49. The plaintiffs hereby incorporate all of the above allegations as if they were realleged herein.

50. The defendant Joseph Rooker owed Roger and Carolyn Farley a fiduciary duty because he provided advice and other services for insurance matters based upon his superior knowledge, skill, and expertise.  He was under a fiduciary duty to represent the interests of Mr and Mrs. Farley consistent with his fiduciary duty of honesty, candor, and fair dealing.  Mr. and Mrs. Farley reasonably trusted and relied on him to apply for and procure an enforceable homeowners insurance policy on their home.

51. Defendant Joseph Rooker made no effort to determine the Farleys' insurance claim history and their previous losses as a result of property fires.

52. Defendant Joseph Rooker knew or should have known and should have advised Mr. and Mrs. Farley that failing to provide a full disclosure of information regarding their insurance claim history and any losses resulting from previous property fires could cause State Farm to claim that the policy was void and refuse to pay them in the event of property damage or loss.

53. Defendant Joseph Rooker failed to ask Mr. and Mrs. Farley to provide the necessary information for the insurer, failed to explain the importance of full disclosure and accurate, thorough answers, and failed to request that the insureds review their application. Had he done so, they would have had the opportunity to correctly and fully disclose the information requested regarding their insurance claim history and previous losses resulting from property fires.

54. As a result of the acts and omissions of defendant Joseph Rooker, he breached his fiduciary duties to both Mr. and Mrs. Farley.

55. The defendant State Farm has denied Mr. and Mrs. Farley's claim under the homeowners policy on the grounds that they failed to disclose that they had sustained two previous fire losses.

56. The defendant Joseph Rooker, in his desire to sell a homeowners insurance policy to the Farleys and earn a commission therefrom, breached his fiduciary duties in improperly completing their applications for homeowners insurance with State Farm; in failing to verify and corroborate the information contained in the policy applications in order to give accurate advice to his clients; and in neglecting to explain the importance of accurate and complete answers and thorough disclosures in the application. As a direct and proximate cause of his breach of fiduciary duty, the defendant Joseph Rooker has left the plaintiffs without the benefit of their homeowners insurance policy after their home and primary residence burned down.

57. The defendant Joseph Rooker is liable to Mr. and Mrs. Farley for all amounts due under the policy of insurance.

## COUNT V:  BREACH OF CONTRACT

58. The plaintiffs hereby incorporate all of the above allegations as if they were realleged herein.

59. Defendant State Farm Fire and Casualty Company had a contract to provide homeowners insurance to Roger and Carolyn Farley with respect to policy number 42-J2-9706-2.

60. Defendant State Farm breached that contract by accepting premiums from the Farleys when it knew or should have known the Farleys' insurance claim history and their previous losses as a result of property fires.  State Farm knew or should have known that the Farleys' failure to provide a full disclosure of information regarding their insurance claim history and any losses resulting from previous property fires could cause State Farm to claim that the policy was void and refuse to pay them in the event of property damage or loss.  Its knowledge that the information provided on the application was not correct created illusory coverage.

61. The defendant State Farm failed to properly investigate the information recorded in the insureds' application.  The information regarding the Farleys' insurance claim history and their previous losses as a result of property fires was reasonably ascertainable by the defendant State Farm prior to approving and issuing a homeowners insurance policy to Mr. and Mrs. Farley.  Nonetheless, the defendant State Farm waited until after the Farleys had made a claim under their homeowners insurance policy to discern this information.

62. The defendant State Farm has denied Mr. and Mrs. Farley's claim under the homeowners policy on the grounds that they failed to disclose that they had sustained two previous fire losses.

63. As a direct and proximate result of the breach of contract of defendant State Farm, the plaintiffs have not been able to recover the benefit of their homeowners insurance policy after their home and primary residence burned down.

64. Had the defendant State Farm not breached its contract, the Farleys would have been issued an enforceable homeowners insurance policy.

65. The defendant State Farm is liable to Mr. and Mrs. Farley for all amounts due under the policy of insurance.

## COUNT VI: NEGLIGENCE

66. The plaintiffs hereby incorporate all of the above allegations as if they were realleged herein.

67. Defendant State Farm had a duty to exercise reasonable care in processing Roger and Carolyn Farley's application for homeowners insurance.

68. Defendant State Farm breached its duty of reasonable care by failing to properly investigate the information recorded in the insureds' application. The information regarding the Farleys' insurance claim history and their previous losses as a result of property fires was reasonably ascertainable by the defendant State Farm prior to approving and issuing a homeowners insurance policy to Mr. and Mrs. Farley. Though it could have obtained this information and consulted the Farleys about it for an accurate and thorough disclosure prior to issuing the policy, the defendant State Farm waited until after the Farleys had made a claim under their homeowners insurance policy to discern this information.

69. The defendant State Farm has denied Mr. and Mrs. Farley's claim under the homeowners policy on the grounds that they failed to disclose that they had sustained two previous fire losses.

70. As a direct and proximate result of the negligence of defendant State Farm, the plaintiffs have not been able to recover the benefit of their homeowners insurance policy after their home and primary residence burned down.

71. Had the defendant State Farm exercised reasonable care, the Farleys would have been issued an enforceable homeowners insurance policy.

72. The defendant State Farm is liable to Mr. and Mrs. Farley for all amounts due under the policy of insurance.

## **COUNT VII: RESPONDEAT SUPERIOR**

73. The plaintiffs hereby incorporate all of the above allegations as if they were realleged herein.

74. The defendant Joseph Rooker was the agent of State Farm Fire and Casualty Company with respect to the application for homeowners insurance with State Farm made by him on behalf of Roger and Carolyn Farley. Consequently, State Farm is charged with the knowledge of defendant Joseph Rooker.

75. In addition, defendant State Farm is chargeable with the acts and omissions of its agent, defendant Joseph Rooker, and is liable for his acts and omissions on the theory of respondeat superior.

76. The defendant State Farm is liable for the acts and omissions of its agent Joseph Rooker. Therefore, State Farm is liable to Mr. and Mrs. Farley for all amounts due under the policy of insurance.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, THE PLAINTIFFS PRAY AS FOLLOWS:

1. That process be issued and the defendants summoned before this Court.

2. That the plaintiffs be awarded all damages enforceable under the policy which are at a minimum in excess of $1,000,000.

3. That the plaintiffs be awarded prejudgment interest.

4. Any other general relief that this Court may order.

                Respectfully submitted,

/s/ Donald Capparella
Donald Capparella, BPR # 11235
Tyler Chance Yarbro, BPR # 23553
DODSON, PARKER, BEHM & CAPPARELLA, PC
1310 6th Avenue North
Nashville, TN 37208
(615) 254-2291
Attorney for Plaintiffs

/s/ R. Eddie Davidson
R. Eddie Davidson, BPR # 13762
1308 Rosa L. Parks Blvd.
Nashville, TN 37208
(615) 473-7610
*eddie@eddiedavidson.net*
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent electronically via the Court's CM/ECF system to the following:

Russell E. Reviere
209 East Main Street
P.O. Box 1147
Jackson, TN 38302-1147

*Attorney for Defendants*

On this the 1st day of June, 2011.

                /s/ Donald Capparella
                Donald Capparella