IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROGER FARLEY and wife,        )
CAROLYN FARLEY,               )
                              )
        Plaintiffs,            )
                              )
                              )
vs.                           )    CASE NO. 1:10-00096
                              )    JUDGE SHARP / KNOWLES
                              )
                              )
STATE FARM FIRE & CASUALTY    )
CO. and JOSEPH ROOKER, AGENT  )
for STATE FARM INSURANCE,     )
                              )
        Defendants.           )

**REPORT AND RECOMMENDATION**

**I. Introduction and Background**

This matter is before the Court upon Defendants' Motion for Summary Judgment. Docket No. 59. Defendants have contemporaneously submitted a Memorandum of Law with Exhibits (Docket Nos. 60 - 60-8), a Statement of Undisputed Material Facts with Exhibits (Docket Nos. 61 - 61-8), and a transcript of proceedings in the Criminal Court of Hickman County, State of Tennessee v. Carolyn Farley and Roger Farley, Case Nos. 09-5207CRV and 09-5150CRV (Docket No. 62).

Plaintiffs, who are acting pro se, have not responded to the instant Motion or accompanying Statement of Undisputed Material Facts.

This case involves a claim that Defendants breached an insurance contract with Plaintiffs by failing to pay for damage to Plaintiffs' home and personal property resulting from a house fire

which were allegedly covered by an insurance policy issued by Defendants. Plaintiffs initially filed suit against only Defendant State Farm Fire & Casualty Co., in the Chancery Court for Hickman County, Tennessee, on June 25, 2009. Case No. 1:09-00046, Docket No. 1-1. Defendant State Farm removed that action to this Court on August 10, 2009, on the basis of diversity of citizenship. Case No. 1:09-00046, Docket No. 1.

On October 8, 2009, the parties to the prior action filed a "Joint Motion Pursuant to Rule 41(A) of the Federal Rules of Civil Procedure." Case No. 1:09-00046, Docket No. 8. With the Motion, the parties filed a proposed Agreed Order that was later entered by Judge Trauger. Case No. 1:09-00046, Docket No. 8-1.

Plaintiffs were represented by counsel in the prior action.

Almost a year later, on October 6, 2010, Plaintiffs, acting pro se, filed a second Complaint in the Chancery Court for Hickman County against Defendant State Farm and against "Joseph Rooker, Agent for State Farm Insurance." That action was virtually identical to the previous action, except for naming Defendant Rooker as an Agent for State Farm and except for the fact that it was filed pro se. Docket No. 1-1. That action was removed by State Farm on October 25, 2010, and became the instant case in this Court. Docket No. 1.

Plaintiffs' claims against Defendant Rooker were subsequently dismissed by Judge Campbell. Docket No. 19. Approximately one month later, Plaintiffs retained counsel (Docket No. 27) and the Court thereafter allowed the filing of an Amended Complaint (Docket No. 47) that brought Defendant Rooker back into the case. Docket No. 46. In that Amended Complaint, Plaintiffs raised claims that Defendant Rooker had entered into a contract to provide insurance brokerage services to Plaintiffs, but that he breached that contract when he improperly completed

2

Plaintiffs' application for the insurance policy at issue. Plaintiffs essentially averred that Defendant Rooker completed the insurance application alone, without any input from Plaintiffs, and that Defendant Rooker stated in the application that Plaintiffs had not experienced any losses in the three years prior to the application, although they had sustained two previous fire losses. Plaintiffs averred that Defendant Rooker had incorrectly and improperly completed their application, which led State Farm to deny coverage. Plaintiffs claimed that Defendant Rooker's actions constituted breach of contract, negligence, negligent misrepresentation, and breach of fiduciary duty, all resulting from his allegedly improperly filling out the application. Docket No. 47.

The Amended Complaint also raised new claims against Defendant State Farm for "negligence" and "respondeat superior." The Amended Complaint also retained a claim for breach of contract against State Farm. *Id.*

Defendants filed the instant Motion for Summary Judgment and supporting materials on October 10, 2012.[1] Docket Nos. 59-62. Defendants contend that they are entitled to summary judgment because numerous items that Plaintiffs' had claimed to be destroyed in the fire at their home were recovered at another residence owned by Plaintiffs over a year later. Docket No. 60. Defendants argue that Plaintiffs' misrepresentations of what was destroyed in the fire, and their seeking reimbursement for those items, constituted fraud so as to void their insurance policy and relieve Defendants from the obligation to pay Plaintiffs on their claim. *Id.* Defendants contend that there are no genuine issues of material fact because Plaintiffs admitted under oath that they made false statements and submitted fraudulent claims to Defendants. *Id.* Defendants maintain

---

[1] In the meantime, Plaintiffs' counsel had been permitted to withdraw. Docket No. 55.

3

that Plaintiffs admittedly made intentionally fraudulent statements to Defendants regarding items lost in the fire with the intent to deceive them regarding their fire loss claim, such that under both the insurance policy and Tennessee law, their coverage is voided and recovery is precluded. *Id.*

As has been noted, Plaintiffs have failed to respond to the instant Motion and Statement of Undisputed Material Facts.

For the reasons set forth below, the undersigned recommends that Defendants' Motion for Summary Judgment be GRANTED.

## **II. Undisputed Facts**[2]

Plaintiffs filed suit alleging breach of contract and contending that Plaintiffs are entitled to collect the insurance proceeds due them from Defendants for a fire loss sustained at their residence located at 4621 Coble to Only Road in Centerville, Tennessee on February 24, 2009. *See* Amended Complaint.

Prior to the loss at issue, Defendant State Farm had issued a homeowner's policy of insurance to Plaintiffs. Docket No. 61-3, Certified Copy of Insurance Policy. On May 22, 2009, Plaintiffs submitted to Defendant a sworn proof of loss regarding the claim on their residence. Docket No. 61-4, Sworn Proof of Loss. Plaintiffs also submitted a sworn inventory of contents list in which they listed the contents that they claim were lost in the fire and sought reimbursement from Defendant. Docket No. 61-5, Sworn Contents List.

On August 9, 2010, eighteen items, including, but not limited to, a bedroom suite, several antique tables, hunting items, a stuffed coyote, a dining set, and three antique wash stands were

---

[2] Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56 and are undisputed.

4

recovered from Plaintiffs residence located at 1748 Whitson Bend Road in Centerville, Tennessee. Docket No. 61-6, Affidavit of Mr. S.M. Smith. These eighteen items were the same items that Plaintiffs included in their Sworn Inventory of Contents List submitted to Defendant in May of 2009 for payment of said items. *Id.; see also,* Docket No. 61-5, Sworn Contents List.

In November 2011, Plaintiff Carolyn Farley admitted under oath that she signed and submitted a proof of loss claim to Defendant for recovery and payment in regard to the residence and personal property that was lost in the house fire. Docket No. 62-1, Transcript, pp. 26-27. She also admitted that well over $10,000 worth of these same items she claimed in the inventory of contents list were not in the home at the time of the fire. *Id.*

In November 2011, Plaintiff Roger Farley admitted under oath that he signed and submitted a proof of loss claim to Defendant for recovery and payment in regard to the residence and personal property that was lost in the house fire. *Id.*, pp. 36-37. He also admitted that well over $60,000 worth of these same items he claimed in the personal property inventory were not in the home at the time of the fire. *Id.* He further admitted under oath that he owned a cabin and that he was aware that it was being burned, but still submitted a claim to Defendant for said loss, and received over $60,000 for the claim from Defendant. *Id.,* pp. 44-45.

Plaintiffs' insurance policy states in part as follows:

> SECTION I AND II - CONDITIONS
> 2. Concealment of Fraud. This policy is void as to you and any other insured, if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss.

Docket No. 61-3, Certified Copy of Insurance Policy.

### III. Analysis

## A.  Local Rules 7.01(b) and 56.01(c) and (g)

Local Rule 7.01(b) states, in pertinent part:

> **b. Response.**  Each party opposing a motion shall serve and file a response, memorandum, affidavits and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court.  Failure to file a timely response shall indicate that there is no opposition to the motion.

Defendants filed the pending Motion on October 10, 2012.  Docket No. 59.  Plaintiffs have failed to respond to Defendants' Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> **c. Response to Statement of Facts.**  Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed.  Each disputed fact must be supported by a citation to the record. ...
>
> . . .
>
> **g. Failure to Respond.**  Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiffs have failed to respond to Defendants' Statement of Undisputed Material Facts.  Pursuant to Local Rule 56.01(g), Plaintiffs' failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment."  Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Defendants are entitled to a judgment as a matter of law.

6

**B. Motion for Summary Judgment**

It would be inappropriate to grant Defendants' Motion solely on the ground that Plaintiff have failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendants have met their burdens under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v.*

*Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

**C. The Case at Bar**

It is undisputed that Plaintiffs admitted under oath that they claimed certain items had been destroyed in the fire, when they knew that those items were not in the home at the time of the fire and were not destroyed in the fire. Plaintiffs have admitted that they sought to collect insurance proceeds on those items. It is further undisputed that Plaintiffs' insurance policy contained a clause explicitly voiding the policy if any person insured by the policy intentionally concealed or misrepresented any material fact or circumstance relating to the insurance, whether before or after a loss. Because it is undisputed that Plaintiffs' intentionally misrepresented that items were lost in the fire that were not lost, and intentionally sought reimbursement on those misrepresentations, Plaintiffs' insurance policy is void. Plaintiffs, therefore, cannot recover from State Farm on a breach of contract theory.

8

Case 1:10-cv-00096 Document 68 Filed 01/24/13 Page 8 of 10 PageID #: 621

Furthermore, Plaintiffs' claims against State Farm for negligence and respondeat superior, and Plaintiffs' claims against Defendant Rooker for breach of contract, negligence, negligent misrepresentation, and breach of fiduciary duty, must likewise fail. As discussed above, these claims set out in the Amended Complaint were based upon the allegation that Defendant Rooker, acting alone, had erroneously completed Plaintiffs' application for insurance. Even if that were true, however, Plaintiffs did not suffer any damage or injury from the actions of Defendants Rooker or State Farm. As discussed above, State Farm was entitled to deny coverage based upon the "Concealment of Fraud" condition, because of misrepresentations Plaintiffs made after the loss occurred. Thus, Plaintiffs would have suffered the same loss (*i.e.,* a denial of benefits under the insurance policy) regardless of the alleged improper completion of the application.

## IV. Conclusion

For the foregoing reasons, the undersigned concludes that there are no genuine issues as to any material fact and that Defendants are entitled to judgment as a matter of law. Accordingly, the undersigned recommends that Defendants' Motion for Summary Judgment be GRANTED, and that this action be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this

9

Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge