UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROGER FARLEY and wife, ) | |
| CAROLYN FARLEY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | NO. 1:10-00096 |
| ) | Judge Sharp |
| ) | |
| STATE FARM FIRE & CASUALTY ) | |
| CO. and JOSEPH ROOKER, AGENT ) | |
| for STATE FARM INSURANCE, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This dispute concerns Defendant State Farm Fire & Casualty Co.'s failure to pay on an insurance policy where Plaintiffs' home suffered a fire, and they admitted that items claimed in the inventory of contents list they submitted to State Farm were not in the home at the time of the fire. The Magistrate Judge has entered a Report and Recommendation, recommending that Defendants' unopposed Motion for Summary Judgment be granted because (1) the undisputed evidence is that the policy at issue contained a clause explicitly voiding the policy if any insured concealed or misrepresented a material fact or circumstance, and (2) even if Defendant Joseph Rooker, as State Farm's agent, erroneously completed the application for insurance on Plaintiffs' behalf, Plaintiffs did not suffer any harm from that action because State Farm could properly deny the claim based upon the misrepresentations Plaintiff made on the inventory of contents list.

The R & R was entered on January 24, 2013, and Plaintiffs were specifically informed that any objections were to be filed within fourteen days of service of the R & R. On February 11, 2013,

1

Plaintiffs, proceeding *pro se*, filed a "Motion to Dismiss Summary Judgment."

To the extent Plaintiffs' filing is intended as a response to the Motion for Summary Judgment it is untimely, filed as it was some four months after Defendants filed their Motion for Summary Judgment. It also wholly fails to comply with this Court's Local Rules for responses because it does not directly respond to the statements of fact filed by Defendants, nor does it cite the record. See, L.R. 7.01 & L.R. 56.01. And, to the extent Plaintiffs' filing is intended as objections to the R & R, it is deficient because it does not even address the R &R, and does not comply with Rule 72(b)'s requirement that a party "file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b0(2).

Regardless, the Court has considered Plaintiffs' "Motion to Dismiss Summary Judgment," as well as Defendants' Motion for Summary Judgment and the filing made in relation thereto, and finds that the Magistrate Judge correctly applied the law to the facts properly presented. Accordingly, the Court rules as follows:

(1) The R & R (Docket No. 68) is hereby ACCEPTED and APPROVED;

(2) Plaintiffs' "Motion to Dismiss Summary Judgment" (Docket No. 74) is hereby DENIED;

(3) Defendants' Motion for Summary Judgment (Docket No. 59) is hereby GRANTED;

(4) This case is hereby DISMISSED WITH PREJUDICE; and

(5) The Clerk of the Court shall enter judgment on a separate document in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is SO ORDERED.

*/s/ Kevin H. Sharp*
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE